UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
NILEJAWEL STORA,                                                                                   **Docket No.:**

                                            Plaintiffs,

     -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
JOHN DOES #1-10 (representing as yet unknown and                    **COMPLAINT**
unidentified police officers of the New York City Police
Department), in their individual and official capacities,
NEW YORK CITY POLICE DETECTIVE JOHN DOES
#11-20 (representing as yet unknown and unidentified
detectives of the New York City Police Department), in
their individual and official capacities, NEW YORK CITY
POLICE SUPERVISOR JOHN DOES #21-30
(representing as yet unknown and unidentified supervisors
of the New York City Police Department), in their
individual and official capacities, and PAROLE OFFICER                    **JURY TRIAL**
ALCONTRA, individually,                                                                              **DEMANDED**

                                            Defendants.
------------------------------------------------------------------------ X

Plaintiff NILEJAWEL STORA, by her attorneys, The Russell Friedman Law Group, LLP, complaining of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOHN DOES #1-10 (representing as yet unknown and unidentified police officers of the New York City Police Department), in their individual and official capacities, NEW YORK CITY POLICE DETECTIVE JOHN DOES #11-20 (representing as yet unknown and unidentified detectives of the New York City Police Department), in their individual and official capacities, NEW YORK CITY POLICE SUPERVISOR JOHN DOES #21-30 (representing as yet unknown and unidentified supervisors of the New York City Police Department), in their individual and official capacities, and PAROLE OFFICER ALCONTRA, individually, alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action for deprivation of Plaintiff's civil rights, committed by Defendants while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities as guaranteed to her by reason of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and other New York State causes of action. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988.

2. The claims arise from an August 27, 2021 incident in which Defendants, acting under the color of state law, intentionally, willfully, and unlawfully entered Plaintiff's home and intentionally and willfully subjected Plaintiff to, *inter alia*, false arrest, false imprisonment, and illegal search and seizure and intentionally and willfully damaged Plaintiff's home and her personal property.

## JURISDICTION

3. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within New York County; the actual place of employment of all of the individual officers, detectives, and parole officer is New York County in the Southern District of New York; and New York County is within the jurisdiction of the Southern District of New York. The events surrounding this lawsuit occurred in New York County, in the Southern District of New York. Additionally, Plaintiff resides within New York County in the Southern District of New York.

## NOTICE OF CLAIM

4. Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on September 7, 2021. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## THE PARTIES

5. Plaintiff NILEJAWEL STORA (hereinafter, referred to as "Plaintiff") is a resident of the United States who lives within the Southern District of New York.

6. Upon information and belief, at all relevant times described herein, Defendant CITY OF NEW YORK (hereinafter, referred to as "CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

7. Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the New York Police Department, including all officers, detectives, and supervisors thereof.

8. Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter, referred to as "NYPD") is a subdivision and/or agency of Defendant CITY and has an office at 1 Police Plaza, New York, New York 10038.

9. Upon information and belief, Defendant NEW YORK CITY POLICE OFFICER JOHN DOES #1-10 (representing as yet unknown and unidentified police officers of the New York City Police Department) (hereinafter, referred to as "DOES #1-10") are police officers with NYPD who are being sued in their individual and official capacities and are employees of CITY. At all relevant times described herein, Defendant DOES #1-10 were acting under color of state law within the scope of their employment as police officers with NYPD.

10. Upon information and belief, Defendant NEW YORK CITY POLICE DETECTIVE JOHN DOES #11-20 (representing as yet unknown and unidentified detectives of the New York City Police Department) (hereinafter, referred to as "DOES #11-20") are detectives with NYPD who are being sued in their individual and official capacities and are employees of CITY. At all relevant times described herein, Defendant DOES #11-20 were acting under color of state law within the scope of their employment as detectives with NYPD.

11. Upon information and belief, Defendant NEW YORK CITY POLICE SUPERVISOR JOHN DOES #21-30 (representing as yet unknown and unidentified supervisors of the New York City Police Department) (hereinafter, referred to as "Does #21-30") are supervisors with NYPD who are being sued in their individual and official capacities and are employees of CITY. At all relevant times described herein, Defendant DOES #21-30 were acting under color of state law within the scope of their employment as supervisors with NYPD.

12. Upon information and belief, Defendant PAROLE OFFICER ALCONTRA (hereinafter, referred to as "ALCONTRA") is a New York State Parole Officer with New York State Department of Corrections and Community Supervision ("NYS DOCCS") who is being sued in her individual capacity and is an employee of NYS DOCCS. At all relevant times described herein, Defendant ALCONTRA was acting under color of state law and is an employee of the State of New York with an actual place of employment within County of New York, State of New York.

**FACTUAL ALLEGATIONS**

13. Plaintiff Nilejawel Stora is a twenty-seven (27) year old African-American woman. Ms. Stora is the mother to two young children.

14. On or about August 27, 2021, in the early morning hours, Plaintiff was home with

her two young children and her father. Plaintiff and her family were abruptly awoken by loud knocking at her front door. Plaintiff stepped out of her bedroom to see that Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA had unlawfully and violently entered her home without warning.

15. Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA forcibly and unlawfully entered Plaintiff's home. Two of the Defendant DOES #1-10 had their weapons drawn as they forcibly entered into Plaintiff's home. At no time did Plaintiff give Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA permission to enter her home.

16. At all relevant times described herein, Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA, acting in concert, did recklessly ransack Plaintiff's home for hours which resulted in Plaintiff's home being damaged, her personal property being damaged and destroyed.

17. At all relevant times described herein, Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA, acting in concert with each other, unlawfully entered Plaintiff's home and unlawfully searched Plaintiff's home without proper warrant or probable cause to search.

18. Despite Plaintiff's protestations, Defendants nonetheless continued to unlawfully enter Plaintiff's home and unlawfully searched Plaintiff's home without proper warrant or probable cause to search.

19. At all relevant times described herein, Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA, acting in concert with each other, damaged Plaintiff's home and personal property.

20. Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA, acting in concert with each other, unlawfully seized Plaintiff and placed Plaintiff and her family in danger and fear for their lives.

21. At the time of the incident, on information, Plaintiff's neighbors all exited their own residence and observed Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA at Plaintiff's home.

22. There existed no exigent circumstance that would permit Defendants DOES #1-10, DOES #11-20, DOES #21-30, and ALCONTRA to enter Plaintiff's home without a warrant.

23. As a result of the foregoing, Plaintiff sustained, *inter alia,* loss of liberty, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights and substantial damages to her home and personal property.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 –Unlawful Search & Seizure and False Arrest
**(*Against All Defendants*)**

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

25. Defendants deprived plaintiff of her civil, constitutional, and statutory rights under color of law and have conspired to deprive her of such rights, and are liable to Plaintiff under 42 U.S.C § 1983.

26. Defendants' conduct deprived Plaintiff of her rights to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. Defendants' conduct also deprived Plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

27. That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

28. That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

29. That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of her rights and privileges and benefits as provided to her under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending her usual activities, was injured in her reputation in the community, and was further caused to incur monetary expenses, including legal fees.

30. That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

31. That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

32. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in her reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION

DOLLARS ($1,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 – Failure to Intervene
### (*Against All Defendants*)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

34. On or about August 27, 2021, Plaintiff was subjected to false arrest and unlawful search and seizure of Plaintiff's person and home at the hands of Defendants.

35. Despite Defendants having no lawful basis to be in Plaintiff's home, Defendants nonetheless entered her home with weapons drawn, searched Plaintiff's home, destroyed her property and personal affects, and arrested Plaintiff.

36. Each of the Defendants new and/or deliberatively ignored the fact that the false accusations, detainment, false arrest, seizure, and illegal search of Plaintiff's home violated the rights guaranteed to Plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

37. Each of the said Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the illegal search, false arrest, wrongful detainment, and destruction of Plaintiff's property and personal affects, yet neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did, in fact, occur.

38. Specifically, each and every one of the Defendants had the opportunity and responsibility to prevent the wrongful detainment, illegal search, and abuse of process against

Plaintiff because each Defendant had actual notice of the wrongful actions of the other Defendants at the scene of the incident.

39. Defendants had the power to prevent the continued due process violations against Plaintiff yet failed to prevent the violations of Plaintiff's rights, or to protect Plaintiff from the unwarranted penalties that followed.

40. As a direct consequence of Defendants' actions, acting in furtherance of their duties as agents of their respective municipalities and agencies, Plaintiff suffered injuries, including but not limited to, stigmatizations, embarrassment, loss of liberty, and the infringement of her rights guaranteed to her under the U.S. Constitution.

41. As a direct consequence of Defendants' actions, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to her property and personal affects, damage to her name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

42. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – Monell**
(***Against Defendants CITY and NYPD***)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

**Failure to Supervise and Failure to Train**

44. Defendants CITY and NYPD were responsible for supervising, overseeing, and controlling their respective subordinates.

45. Defendants CITY and NYPD had an express and/or implied duty to provide a reasonably safe environment for their citizens, including Plaintiff. At a minimum, they had a duty to keep her from being unlawfully searched and seized and falsely arrested by their employees, which was foreseeable based upon past instances of misconduct, which were known to CITY and NYPD.

46. Defendants CITY and NYPD had an express and/or implied duty to provide a reasonably safe environment for their citizens, including Plaintiff. At a minimum, they had a duty to ensure that their employees did not unlawfully search and seize and falsely arrest Plaintiff which was foreseeable based upon past instances of misconduct, which were known to CITY and NYPD.

47. Despite having this knowledge, Defendants CITY and NYPD failed to take any remedial measures to prevent the aforementioned violations of Plaintiff's Constitutional rights.

48. The countenancing of this behavior created an environment within the NYPD wherein members were allowed to continue with their behavior, which led to the Constitutional rights of citizens being violated, including Plaintiff.

49. Defendants CITY and NYPD intentionally failed to adequately supervise, control, oversee, train, and/or monitor their employees and members, who had a history of engaging in official misconduct, and failed to implement measures to prevent their employees and members from conspiring with each other to cover up their official misconduct.

50. Defendants CITY and NYPD intentionally failed to adequately supervise, control,

oversee, train, and/or monitor their employees and members from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the Constitutional rights of individual citizens, including Plaintiff.

51. Defendants CITY and NYPD negligently hired, retained, and/or supervised their employees and members when they knew or should have known that they posed a threat to individuals.

52. Defendants CITY and NYPD knew or should have known of their employees and members' propensity for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries.

53. At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

54. Defendants CITY and NYPD were aware that there was a substantial likelihood that permitting their employees and members to carry on their regular duties would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong.

55. Defendants CITY and NYPD's failure and refusal to adequately investigate their employees' actions, acquiescence in Defendants' conduct, failure to take any remedial action against Defendants, allowing Defendants to remain employed as police officers and/or detectices and/or supervisors, gross negligence in their supervision of Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated, subjects Defendants to supervisory liability for the crime and Constitutional violations perpetrated against Plaintiff.

56. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS

($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

**Custom, Policy, and Practice**

57. It was the custom, policy, and practice of Defendants CITY and NYPD to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by their employees and members.

58. Employees and members of Defendants CITY and NYPD, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

59. Employees of Defendants CITY and NYPD, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

60. By failing to supervise, train, and reprimand such CITY and NYPD employees and members, Defendants CITY and NYPD caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

61. By maintaining a *de facto* policy of automatic indemnification, Defendants CITY and NYPD caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

62. It was the custom, policy, and practice of Defendants CITY and NYPD to

blatantly ignore complaints and/or widespread allegations of malfeasance in order to shield Defendants CITY and NYPD from receiving any bad press that would be generated from an investigation of police misconduct.

63. This custom, policy, and practice of Defendants CITY and NYPD to ignore complaints and/or widespread allegations of assault and other malfeasance created an environment where foreseeable Constitutional violations by their employees and members were rampant, including the violations of Plaintiff's Constitutional rights.

64. Defendants CITY and NYPD's failure to take action against their employees and members involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

65. As authorized representatives of Defendants CITY and NYPD, the employees and members' conduct of unlawful search and seizure, illegal arrests, or threats of arrest without probable or reasonable cause, constituted a custom, policy, and practice which renders Defendants CITY and NYPD liable to Plaintiff as a "Person" acting under the color of state law.

66. Defendants CITY and NYPD are, therefore, liable for violations of Plaintiff's Constitutional rights as caused by the Individual Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

67. That, by virtue of Defendants CITY and NYPD's failure and refusal to adequately investigate the Individual Defendants' actions, acquiescence in the Individual Defendants' conduct, failure to take any remedial action against the Individual Defendants, allowing the Individual Defendants to remain employed, gross negligence in their supervision of the Individual Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated by the Individual Defendants, CITY

and NYPD, which employed these Individual Defendants and policymakers during the relevant time period, exhibited a *de facto* custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under *Monell v. Dept. of Social Services*, 436 US. 658 (1978).

68. As a proximate result of Defendants' customs, policies, and practices for creating an environment that tolerates, encourages, and condones such Constitutional violations, Plaintiff was caused to be unlawfully seized and falsely arrested, placed in substantial fear of her liberty, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to her reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### Pendant State Claim - Trespass
**(*Against All Defendants*)**

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

70. Defendants willfully, wrongfully, and unlawfully trespassed upon the person of Plaintiff.

71. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS

($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### Pendant State Claim - Negligence
### (*Against All Defendants*)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

73. Defendants had a duty to prevent and cease the unlawful search and seizure, wrongful detainment, false arrest, and false imprisonment, as well as a duty to hire, train, investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

74. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against illegal search and seizure, detained custody, and other due process violations. Said rights are guaranteed to Plaintiff by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments of the Constitution.

75. Defendants' breach of duty was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering which are continuous to this day, monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional, and psychological damage.

76. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS

($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH COUNT
### Pendant State Claim – Negligent Hiring, Improper Supervision, and Improper Retention
(*Against Defendants CITY and NYPD*)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

78. Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to hire certain police officers, detectives, and supervisors, including Defendants DOES #1-10, DOES #11-20, and DOES #21-30 without conducting the appropriate background check, investigation, and psychological evaluations.

79. Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to conduct inadequate investigations of police officer, detective, and supervisor candidates as was done with DOES #1-10, DOES #11-20, and DOES #21-30.

80. Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to inadequately supervise the actions and conduct of police officers, detectives, and supervisors, including Defendants DOES #1-10, DOES #11-20, and DOES #21-30.

81. Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to continue to employ police officers, detectives, and supervisors, including Defendants DOES #1-10, DOES #11-20, and DOES #21-30, after it is known that such police officers, detectives, and supervisors consistently violate the Constitutional rights of persons such as Plaintiff.

82. These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

83. Defendants CITY and NYPD are therefore liable for violations of Plaintiff's Constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs; and Plaintiff has suffered damages therefrom.

84. As a proximate result of Defendants' customs, policies, and practices for negligent hiring, improper supervision, and improper retention of officers, detectives, and supervisors, Plaintiff was greatly humiliated, injured in her reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

## JURY DEMAND

85. Plaintiff demands a Trial by Jury of all causes of actions so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, costs, and attorney's fees;

B. Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, costs, and attorney's fees;

C. Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, costs, and attorney's fees;

D. Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs and attorney's fees;

E. Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs and attorney's fees;

F. Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus costs and attorney's fees; and

G. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
October 11, 2022

Respectfully Submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Nilejawel Stora*

By: */s/Pablo A. Fernandez*
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
pfernandez@rfriedmanlaw.com