

```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #:_____
                                                    DATE FILED:  3/22/2023
```

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-2336

March 22, 2023

**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Nilejawel Stora v. City of New York et al.*, 22-CV-08642 (MKV)

Your Honor:

    I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for defendant City of New York ("City") in the above referenced matter. I write to respectfully request that the Court grant a one month enlargement of time, from March 22, 2023[1] to April 21, 2023, for defendant City to answer or otherwise respond to the amended complaint. This is the City's first request for an enlargement of time to respond to the amended complaint[2] and plaintiff's counsel, Pablo A. Fernandez, consents to this request.

    By way of background, plaintiff brings this action, pursuant to 42 U.S.C. §1983, alleging *inter alia* that on or about August 27, 2021, she was subjected to an unlawful search and seizure at her home. In addition to the City, plaintiff also names the New York City Police Department, New York State Parole Officer Alcontra, and numerous John and Jane Doe NYPD officers as defendants.

    As to the procedural history, this case was previously marked for inclusion to the Southern District of New York's Section 1983 Plan (hereinafter referred to as "the Plan") with the City's answer due on January 27, 2023. On January 4, 2023, the Court indicated that this case was incorrectly included in the Plan and removed it from the Plan. *See October 12, 2022 Deleted*

---

[1] The undersigned has had to attend to personal matter which has contributed to the delay in filing this letter and delay in the underlying investigation.

[2] The City previously requested, on two occasions, enlargements of time to respond to the complaint that were granted.

*Document Entry, entered on January 4, 2023.* On January 25, 2023, the City requested an enlargement of time to February 17, 2023 to respond to the complaint. *ECF No. 18*. Your Honor subsequently granted this request. *ECF No. 19*. On February 16, 2023, co-defendant parole officer Alcontra filed a pre-motion conference letter. *ECF No. 20*. On February 17, 2023, the City requested an enlargement of time to respond to the complaint until March 17, 2023, which was granted. *ECF No. 22*. On February 21, 2023, plaintiff opposed co-defendants' pre-motion conference letter and requested leave to file an amended complaint. *ECF No. 22*. Your Honor granted plaintiff leave to file an amended complaint by March 9, 2023. *ECF No. 24*. The amended complaint was filed on March 8, 2023 making defendants' responses due on March 22, 2023.

In accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office is requesting additional time to investigate the allegations set forth in the amended complaint. As the Court is aware, it was previously discovered that, upon information and belief, the basis for the purported encounter at the plaintiff's residence was due to a search by New York State Parole for plaintiff's brother. The amended complaint also appears to confirm this information by making reference, for the first time, to plaintiff's "sibling." *ECF No. 25* at ¶¶ 14, 15, 19. To date, the City has been unable to identify any NYPD or other City employees involved in this incident. However, upon information and belief, and based upon the undersigned's investigation, it appears that the individual John and Jane Doe "NYPD" officers that plaintiff purports to sue may actually instead be New York State Department of Correction and Community Supervision officers. As such, the requested enlargement of time is necessary for this office to continue to investigate and confirm the extent of the City's involvement, if any, in this matter. The additional time will provide sufficient time to determine whether an answer or pre-motion conference letter to dismiss will be filed by the City.

Accordingly, the City respectfully requests an enlargement of time until April 21, 2023 to answer or otherwise respond to the complaint.

Thank you for your consideration of the instant application.

Respectfully submitted,

*Thomas Lai /s*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

To: **VIA ECF**
Pablo A. Fernandez
*Attorney for Plaintiff*

Sarande Dedushi
*Attorney for co-defendant Alcontra*

**Granted. SO ORDERED.**

Date: 3/22/2023
New York, New York

Mary Kay Vyskocil
United States District Judge

2